104 F.3d 358
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William FLUHARTY, Petitioner,
v.
DONALDSON MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 96-1927.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1996.
Decided Dec. 24, 1996.
 
 On Petition for Review of an Order of the Benefits Review Board. (95-2189-BLA)
 S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner. Douglas A. Smoot, JACKSON & KELLY, Charleston, West Virginia, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Fluharty, a former coal miner, seeks review of a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) decision to deny his application for black lung benefits. The ALJ denied benefits in this case based on his finding that Fluharty failed to establish the presence of pneumoconiosis or that his pneumoconiosis contributed to his totally disabling respiratory impairment. The Board affirmed the finding of no pneumoconiosis, and found it unnecessary to address the causation issue.
 
 
 2
 On appeal, Fluharty contends that the ALJ erred by finding the medical opinion evidence insufficient to establish pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4) (1996). We disagree. Fluharty's contentions that the reports credited by the ALJ finding no pneumoconiosis were impermissibly based solely on negative X-rays and the fact that the claimant's impairment was obstructive are belied by the record. Dr. Crisalli, on whose opinion the ALJ primarily relied, explicitly acknowledged that pneumoconiosis could produce an obstructive defect, but stated that the nature of the claimant's particular obstructive defect was inconsistent with pneumoconiosis. Moreover, he and other physicians finding no pneumoconiosis in this case explained in great detail how not only the negative X-ray evidence, but also the miner's history, symptoms, physical examinations, and objective studies supported their conclusion that the miner's pulmonary disease is solely attributable to smoking.
 
 
 3
 Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED